# United States Court of Appeals
### For the Seventh Circuit
### Chicago, Illinois 60604


DOCKETED
NOV 14 2002

October 17, 2002

Before

**Hon. William J. Bauer,** *Circuit Judge*
**Hon. Daniel A. Manion,** *Circuit Judge*
**Hon. Ilana Diamond Rovner,** *Circuit Judge*

| | |
|---|---|
| HAJAR L. ABDUL MALIK,<br>    Plaintiff-Appellant,<br><br>No. 02-3242      v.<br><br>OAKTON COMMUNITY COLLEGE, CONNIE NEGRON, Financial Aid Advisor, NORTHEASTERN ILLINOIS UNIVERSITY, et al.,<br>    Defendants-Appellees. | ] Appeal from the United<br>] States District Court for<br>] the Northern District of<br>] Illinois, Eastern Division.<br>]<br>] No. 01 C 5694<br>]<br>] Charles R. Norgle, Judge.<br>]<br>] |

### O R D E R

On September 3, 2002, the court issued an order requiring that appellant, on or before September 18, 2002, file a brief memorandum stating why this appeal should not be dismissed for lack of jurisdiction. Appellant, however, has not filed a response. Therefore, on review of the short record,

IT IS ORDERED that this appeal is DISMISSED for lack of jurisdiction.

Rule 4(a) of the Federal Rules of Appellate Procedure requires that a notice of appeal in a civil case be filed in the district court within 30 days of the entry of the judgment or order appealed. In this case the minute order dismissing plaintiff's case was entered on June 24, 2002, and the notice of appeal was filed on August 27, 2002, over one month late. The district court has not granted an extension of the appeal period,

- over -

see Rule 4(a)(5), and this court is not empowered to do so, see Fed. R. App. P. 26(b).

The court notes, however, that the district court has not entered a Rule 58 judgment. Therefore, plaintiff may have another opportunity to appeal - after the district court enters a proper Rule 58 judgment. The district court promptly should enter a judgment in compliance with Rule 58 of Federal Rules of Civil Procedure and inform plaintiff-appellant of its entry. Plaintiff-appellant then must file a new appeal if he chooses to seek review in this court.